## IN THE CIRCUIT COURT OF GARLAND COUNTY, ARKANSAS

_____ **III** _____ **DIVISION**

FILED

2012 JAN  9  PM 4 03

JEANNIE RIKE
GARLAND CO. CIRCUIT CLERK

**SCOTT AND KARI POWELL**                                      **PLAINTIFF**

BY _____ ΩA _____

v.                                CASE NO. CV - 12 - 28

**GENERAL MOTORS LLC**                                      **DEFENDANT**

## COMPLAINT

Comes now the Plaintiffs Scott and Kari Powell ("the Powells"), by and through their attorney, Harris Law Firm, and for their Complaint against Defendant General Motors LLC ("GM"), and states:

1.       Plaintiffs resides in Hot Springs, Garland County, Arkansas..

2.       Defendant is a foreign limited liability company doing business in the state of Arkansas.

3.       The incident complained of occurred in Garland County, Arkansas.

4.       Based on the foregoing information, this Court has jurisdiction of the parties and subject matter hereto, and venue is proper in this Court pursuant to Ark. Code Ann. § 16-4-101 and § 16-60-113.

## FACTUAL ALLEGATIONS

5.      GM was the designer manufacturer and supplier of the 2005 Chevrolet Equinox, VIN 2CNDL63F856096269 ("the vehicle"). The vehicle was owned by the Powells'.

6.      The Powells resided at 312 W. Pine Drive, in Hot Springs at all times relevant to this matter.

7.      On or about July 2, 2010, a fire occurred at the Powell's residence, originating at the vehicle. The fire spread into their home, causing significant damage to the Powell's property.

## COUNT I: NEGLIGENCE

8.      Plaintiff adopts and re-alleges all matters contained in paragraphs 1 through 7 as though set out word for word herein.

9.      GM designed, manufactured, placed in the stream of commerce and supplied a defective vehicle. GM was negligent in its design and manufacture of the vehicle, rendering it unreasonably dangerous when used in the manner intended, and said negligence was a proximate cause of the fire and resulting damages to the property.

10.     The negligence of GM includes, but is not limited to, the following:

a.      failure to design and manufacture the vehicle in such a manner as to prevent it from causing a fire and causing damage to the Plaintiff's property;

b.      designing the electrical components that are housed under the console area, in a defective manner, causing a fire;

c.      failing to adequately warn Plaintiff, and other potential users of the dangerous defect in the vehicle when it knew, or should have known, that the unit may ignite;

d.      manufacturing the console area, including the electrical components in the console and surrounding area in a way that allowed them to ignite, causing a fire;

e.      manufacturing and installing the electrical components in the console in a way that allowed it to cause a fire.

## COUNT II: STRICT LIABILITY

11.     Plaintiff adopts and re-alleges all matters contained in paragraphs 1 through 10 as though set out word for word herein.

12.     GM is strictly liable for designing, manufacturing, placing in the stream of commerce and supplying a vehicle in a defective condition, which rendered it unreasonably dangerous and unsafe for reasonably foreseeable use, and said defective condition was the proximate cause of Plaintiff's damages.

13.     GM is strictly liable for designing, manufacturing, placing in the stream of commerce and supplying defective electrical components in the console and surrounding area in a defective condition, which rendered it unreasonably dangerous and unsafe for reasonably foreseeable use, and said defective condition was the proximate cause of Plaintiff's damages.

14.    At the time of their actions, GM was in the business of manufacturing, designing, assembling and selling vehicles and manufacturing, designing, assembling and selling parts in vehicles and distributing these vehicles and parts in to the stream of commerce.

15.    This GM vehicle was supplied by GM in a defective condition with defects in manufacture and design. This condition rendered the vehicle unreasonably dangerous and was a proximate cause of the destruction of Plaintiff's property.

16.    The console area, with the electrical components under the console were supplied by GM in a defective condition with defects in manufacture and design. This condition rendered the vehicle unreasonably dangerous and was a proximate cause of the destruction of Plaintiff's property.

17.    The defective condition of the vehicle included, but is not limited to, the following:

a.    designing and manufacturing the vehicle in such a manner as to allow the vehicle to catch fire;

b.    failing to design the electrical components that are housed under the console area, in such a manner as to prevent it from igniting, causing a fire;

c.    installing a console and the electrical components in the console in a defective condition, causing a fire;

d.    failing to properly and adequately design, assemble and install the console and enclosed electrical components, causing a fire;

e.       failing to adequately warn potential users of this vehicle of the dangerous condition of electrical components in the console, and the entire vehicle.

## PRAYER FOR RELIEF

18.      Plaintiff adopts and re-alleges all matters contained in paragraphs 1 through 17 as though set out word for word herein.

19.      As a result, Plaintiff's property sustained serious damage in the amount of at least $217,971.44.

20.      Plaintiff reserves the right to plead further by amendment.

WHEREFORE, the Plaintiff prays that he be awarded a judgment against the Defendants, General Motors LLC. in the amount of at least $217,971.44 for property damages, for attorney's fees and costs herein expended, and all other just and proper relief to which they may be entitled.

Respectfully submitted,

Harvey Harris, Bar #03026
HARRIS LAW FIRM
1920 N. Main – Suite 214
N. Little Rock, AR 72114
501-604-4517
FAX – 501-771-2420
Attorney for Plaintiff